THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| TAMMY W. OWENS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 5:09-CV-112-RLV-DSC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## ORDER

    The defendant, Commissioner of the Social Security Administration, has moved this Court, pursuant to sentence four of 42 U.S.C.§405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings. Upon remand the administrative law judge will be instructed to: reevaluate the opinions from Plaintiff's treating physician, Dr. Pinkerton, concerning Plaintiff's ability to work prior to March 31, 2008, in accordance with 20 C.F.R.§ 404.1527 and Social Security Ruling (SSR) 96-2p; reevaluate the opinion from a consultative psychiatrist, Dr. Detrick, concerning Plaintiff's ability to work prior to March 31, 2008, in accordance with 20 C.F.R. § 404.1527; and reassess Plaintiff's residual functional capacity prior to March 31, 2008, providing specific references in the record in support of the assessed limitations, in accordance with 20 C.F.R.§ 404.1545 (a)(3) and SSR 96-8p.

    Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's assent to the request to remand this action for

1

further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et. seq.* Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Signed: May 26, 2010

Richard L. Voorhees
United States District Judge